UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| KALISA ROARK,<br>surviving spouse of<br>MICHAEL ROARK, deceased,<br><br>    Plaintiff,<br><br>vs.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of the Social<br>Security Administration,<br><br>    Defendant. | :   Case No. 3:10-cv-87<br>:<br>:   Judge Timothy S. Black<br>: |

**ORDER THAT PLAINTIFF'S MOTION FOR ATTORNEY FEES (Doc. 22)
IS PARTIALLY GRANTED AND PARTIALLY DENIED AND
PLAINTIFF IS AWARDED $1,652.62 IN FEES**

This case is a Social Security disability benefits appeal under which the Court reversed the non-disability finding of the Administrative Law Judge ("ALJ") below and entered judgment in favor of Plaintiff awarding benefits. Seeking to be compensated for the legal expenses incurred in obtaining the reversal and award of benefits, Plaintiff has filed a fee petition under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, which is partially opposed by the Commissioner of Social Security ("Commissioner"). (Doc. 23).

Plaintiff's seeks payment for 9.5 hours of work, at an hourly rate of $173.96. (Doc. 22 at 1). The Commissioner does not contest that Plaintiff is owed $1,652.62 in EAJA fees and expenses. (Doc. 23 at 1). Therefore, Plaintiff's motion for fees in that amount is granted.

Plaintiff's counsel also asks that the fee award be paid directly to her, attaching an assignment agreement from Plaintiff. (Doc. 22 at Ex. B). The Commissioner counters that the award must be paid to Plaintiff and not Plaintiff's counsel, in light of the Supreme Court's decision in *Astrue v. Ratliff*, 130 S.Ct. 2521 (2010). (Doc. 22 at 1-2). The Commissioner further states if the Government can verify that Plaintiff owes no pre-existing debt subject to offset following this Court's entry of award, the Government agrees to direct payment of the award to Plaintiff's counsel pursuant to the attached assignment. (*Id*. at 2, n. 1).

Pursuant to *Ratliff*, Plaintiff is the prevailing party entitled to an award for the attorney's fees she incurred in securing a reversal and remand. To the extent that Plaintiff's attorney seeks direct payment under the apparent assignment agreement, Plaintiff's motion is denied, as that is a matter of contract law between Plaintiff and counsel that is not properly before this Court. The Commissioner, however, has agreed to make the award payable directly to Plaintiff's attorney once the Government determines that Plaintiff does not have a pre-existing debt subject to offset. The Court agrees with the Commissioner and its plan.

2

### III.

Therefore, the EAJA fee petition filed by Plaintiff (Doc. 22) is **GRANTED IN PART AND DENIED IN PART** as set forth herein, and Plaintiff is **AWARDED** the sum of **$1,652.62** in fees.

**IT IS SO ORDERED.**

Date: 7/6/11

*Timothy S. Black*
Timothy S. Black
United States District Judge